BLACKWELL OIL & GAS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37483.   Promulgated September 4, 1930.

*George C. White, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, and *Frank B. Schlosser, Esq.*, for the respondent.

663

664

OPINION.

SEAWELL: The first issue is whether an amount paid by the petitioner in 1923 in settlement of a suit brought against its directors and attorney on account of certain alleged acts of wrongdoing on their part constitute a deduction as an ordinary and necessary expense of carrying on the petitioner's business. In whatever manner we view the question, we fail to see how the deductibility of the item can be sustained. The petitioner was not a party to the suit, and the acts complained of were acts of certain individuals therein named and not acts of the petitioner. That a corporation is separate and distinct from its stockholders is too well established to require a citation of authority in support thereof. But even if it could be said that the acts alleged to have been done were

acts of the corporation through its directors, payments on account of such malicious act of wrongdoing could hardly be said to be ordinary and necessary expenses of producing and selling oil and gas. The fact that the directors of the corporation adopted a resolution to the effect that the acts in question were done in the interest of the petitioner and by its officers in their corporate capacity, and that the petitioner accordingly recognized its obligation to make payment on account thereof, means little when we consider that the individuals against whom the suit was brought were likewise the petitioner's directors. One of the arguments of the petitioner in support of the deduction is that this payment enabled it to continue with its development program without having its officers harassed by a lawsuit, but if looked at in this manner as somewhat in the nature of additional compensation for services performed by the individuals against whom suit was brought, there is no evidence that these individuals were not otherwise reasonably compensated for the services rendered, and this is all the statute allows as a deduction. In view of the foregoing, we are of the opinion that the action of the Commissioner in disallowing the deduction claimed should be sustained.

Under the second issue the petitioner contends that it should be allowed a deduction for 1924 in the amount of $58,061.01 paid in that year in the settlement of a suit brought against it and others with respect to the title to certain property then being operated under a lease by the petitioner and for an accounting for the prior oil production. We have little evidence as to the respective interests of the defendants in the properties involved in the suit other than what may be shown in the petition which formed the basis of the plaintiffs' suit, though it would appear that whatever right the petitioner herein had to remove oil from the ground was derived from its lessor, and the plaintiffs were claiming the fee simple to the property and questioning all right of the defendants with respect thereto. Whether, therefore, the petitioner could continue its operations under its lease was involved in the settlement of the controversy. What the plaintiffs asked was that title to the property be quieted, that they be decreed to be the fee owners to the property, and that they be awarded damages of $5,000 on account of *mesne* profits and $500,000 on account of waste committed. The suit was compromised through the payment of $70,000, of which the petitioner paid $58,061.01, and we know nothing as to the basis upon which the amount paid was arrived at. In view of the foregoing, and when we consider the record as presented, we fail to see why this does not come squarely within the decision of *Murphy Oil Co.*, 15 B. T. A. 1195, wherein the Board said:

To the extent that the expenses and payment were incurred and made in defense of the claim against the oil properties, they were capital expenditures. We have repeatedly held that the cost of defending title, whether in the form of legal fees or compromise payments, is a capital expenditure representing additional cost of the property. *Lincoln L. McCandless*, 5 B. T. A. 1114; *Gopher Granite Co.*, 5 B. T. A. 1216; *Seletha O. Thompson*, 9 B. T. A 1342; *Frederick McLean Bugher, supra; North American Oil Consolidated*, 12 B. T. A. 68; *Phoenix Development Co.*, 13 B. T. A. 414. The decisions in *Kornhauser* v. *United States, supra,* and the *Superheater Co.*, 12 B. T. A. 5, which are relied upon by the petitioner, are not in conflict with these cases. In the *Superheater* case the contemplated litigation grew out of an action of the board of directors, acting as such. The claim settled did not involve title. In the *Kornhauser* case the legal expenses were incurred to contest a claim against income received, differing fundamentally from the ordinary attack on title, even though the income in question consisted of shares of stock.

In view of such conclusion we must reject petitioner's contention that the total deductions claimed should be allowed. We can not allow the total and it would be idle for us to further consider whether any part of such total (i. e., that portion allocable to the defense and settlement of the claim for accounting) is allowable as the record furnishes no basis for the apportionment of the whole among the several claims defended or settled.

In any event, it would seem that a reasonable view of the payment would be that the benefits derived therefrom—at least for a part of the payment—extended beyond the year of payment and enabled the petitioner to continue the use and enjoyment of its rights in the property. A successful defense of the suit was vital to the continued operations under the lease not only for 1924, but also for other years as well. We are accordingly of the opinion that the action of the Commissioner in disallowing the deduction should be sustained.

*Judgment will be entered for the respondent.*